IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MCARTHUR READOUX, II** | § | **CAUSE NO. 4:18-cv-00101** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **CHUNG'S PRODUCTS LP D/B/A** | § | |
| **CHUNG'S GOURMET FOODS AND** | § | |
| **WAYNE BUTLER** | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiff, MCARTHUR READOUX, II, by and through his attorney, LaShawn A. Williams, complains of CHUNG'S PRODUCTS LP d/b/a CHUNG'S GOURMET FOODS and WAYNE BUTLER and for causes of action against them, would show the Court as follows:

### I. NATURE OF ACTION AND RELIEF SOUGHT

1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks compensatory, back and front pay, punitive, liquidated and actual damages, declaratory and injunctive relief, any lawful interest, and attorney's fees, costs and expenses against CHUNG'S PRODUCTS LP d/b/a CHUNG'S GOURMET FOODS and WAYNE BUTLER due to the Defendants' unlawful conduct and retaliation against Plaintiff.

1

2. This is also an action for declaratory judgment pursuant to 28 U.S.C. §2201 to declare the rights and other legal relations between the parties.  The Plaintiff is also seeking equitable and injunctive relief.

3. Plaintiff alleges a continuing series of unlawful acts, including but not limited to race-based discrimination, retaliation, assault, battery, negligent hiring, retention, supervision and training, intentional infliction of emotional distress, physical injury and other personal injuries to Plaintiff.

4. Plaintiff further asserts that Defendants retaliated against him for having complained about such discrimination, and caused him to suffer major emotional anxiety.

## II.  JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Right Act of 1964, as amended ("Title VII").

6. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.

## III.  PARTIES

7. Plaintiff, MCARTHUR READOUX, II (hereinafter referred to as "PLAINTIFF")(African American) is a natural person and was a resident of

Harris County, Texas, at the time of the events made the basis of this suit. He was, at all times relevant hereto, an employee of corporate Defendants.

8. Defendant Chung's Products, LP ("Chung's") is a limited partnership organized under Texas law. Chung's maintains an office at 5555 San Felipe, Suite 1650, Houston, Texas 77056-2735 (the "Houston office"), and a manufacturing facility at 3907 Dennis Street, Houston, Texas 77004-2520 (the "Chung's facility"). It operates under the name Chung's Products and also the trade name "Chung's Gourmet Foods, Inc."

9. Defendant Wayne Butler (hereinafter "Butler")(Caucasian) was at all times relevant to this action Chung's Chief Executive Officer and President of Operations. As such, Butler was responsible for Chung's operations.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. The EEOC issued a Right to Sue Notice authorizing this lawsuit. Plaintiff has exhausted his administrative remedies and files this suit within the statutory limitations period.

## V.  SPOLIATION

11. Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including business agreements, statements, photographs, videotapes, audiotapes, recordings, business records, financial records, bills, estimates, invoices, checks, measurements, equipment, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, and any electronic image, digital data, or information related to the

referenced incident and allegations herein. Failure to maintain such items will constitute "spoliation" of the evidence.

## VI. FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference all of the above allegations set forth in this Complaint.

13. Plaintiff started his career with corporate Defendant in November of 2015. He was initially hired under contract but was hired on permanently as Plant Manager within a couple of months.

14. Plaintiff reported to Defendant Butler at times relevant hereto.

15. On or about March 24, 2016 Defendant Butler verbally and physically assaulted Plaintiff. Butler used profanity and personal insults that escalated to aggressive poking in Plaintiff's chest, to then slapping Plaintiff in the face.

16. Plaintiff immediately departed and did not in any way respond in kind or improperly.

17. On or about July 13, 2016, Defendant Butler attacked Plaintiff again verbally and physically. Butler struck Plaintiff with his elbow with force causing Plaintiff to stumble.

18. The very next day Butler's violent conduct escalated to grabbing Plaintiff in his chest by the shirt and attempting to shake him. Plaintiff pulled away and again, held his composure and did not respond in kind.

19. Each of these altercations arose out of work related issues during the course and scope of Plaintiff's employment, while Plaintiff was carrying out his duties.

20. In addition to the violent and physically aggressive conduct of Defendant Butler,

      Plaintiff was subjected to racial name-calling. Butler offensively referred to Plaintiff as "boy" even after it was requested that he stop.

21. Defendant Butler showed racial animus often, referring to black men including Plaintiff, as "cowards" after the July 2016 Dallas sniper shooting.

22. Corporate Defendant was aware of Defendant Butler's hostile and violently temperamental conduct, but did nothing to address it. Corporate Defendants, upon learning of Defendant Butler's unlawful conduct continued to attempt to subject Plaintiff to Butler. Moreover, corporate Defendant knew or should have known of Butler's propensity to violence as Butler had acted similarly in the past.

23. Based on information and belief, Defendant rewarded Defendant Butler's conduct by promoting him to its executive board.

24. Soon after Plaintiff filed a charge of discrimination, Defendants discharged him in retaliation.

25. At all times relevant hereto, Defendants acted intentionally, deliberately, maliciously and with willful disregard for the Plaintiff's rights to be free from assault, retaliation and discrimination.

26. At all times relevant hereto, Defendants did not act in good faith, but rather with knowledge that its actions violated laws prohibiting assault, retaliation and discrimination.

27. The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of his employment because of his race, and in retaliation for

complaining of the same.

28. The acts and failures to act of Defendant by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they tended to limit, segregate and classify the Plaintiff in such a way as to deprive the Plaintiff of employment opportunities, or otherwise affect his status as an employee employment because of his race.

29. The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of his employment because Plaintiff was treated less favorable or more harshly than non-black employees similarly situated to him, namely Wayne Butler.

30. At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment.

31. The acts and failures to act of Defendant constituted unlawful employment activities that caused Plaintiff great harm, humiliation, and injury.

32. At all times relevant hereto, Chung's, by and through its agents, staff, and/or employees was negligent and failed to use proper and/or ordinary care in the following ways:

   a. Negligent hiring;

   b. Failing to ensure that employees were properly trained;

   c. Failing to ensure that employees were properly supervised;

   d. Failing to ensure a safe environment for its employees (particularly Plaintiff herein);

   e. Creating the opportunity for Defendant Butler to assault Plaintiff;

   f. Failing to exercise reasonable care to avoid a foreseeable risk of injury to others (namely Plaintiff);

   g. Failing to use ordinary care in not placing others in harm's way of foreseeable criminal activity;

33. Each and every one of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiffs. Each and every one of the above stated acts and/or omissions was committed with knowledge that the injuries that Plaintiffs sustained were a foreseeable risk of said acts and/or omissions.

34. Defendant Butler made offensive, violent physical contact with Plaintiff's person. Butler committed such acts intentionally and/or knowingly. Butler knew or reasonably should have known that Plaintiff would regard the physical contact as offensive and/or provocative and that such conduct by Butler would greatly harm and damage Plaintiff. Butler acted to satisfy his violent assaultive intentions. Butler's actions directly and proximately caused injury to Plaintiff, which resulted in significant damages to Plaintiff.

35. Defendant breached its non-delegable duty owed to Plaintiff as its employee to keep him safe from harm and/or injury by failing to adequately train, supervise, and maintain the employees that they hired to protect Plaintiff.

36. As a proximate result of the negligent acts and omissions described herein,

Defendant Chung breached its duties, resulting in injuries and damages to Plaintiffs.

## VII. JOINT AND SEVERAL LIABILITY

37. Plaintiff affirmatively pleads that all the Defendants in this case are jointly and severally liable for the damages sustained by the Plaintiff.

## VIII. DAMAGES

38. Plaintiff seeks to recover all of his damages that were proximately caused by the assault and Defendants' negligence, including:

   a. all past medical expenses;

   b. all medical expenses Plaintiff is likely to incur in the future;

   c. physical pain and suffering suffered in the past;

   d. mental anguish suffered in the past;

   e. mental anguish which, in reasonable probability he will suffer in the future;

   f. lost wages in the past;

   g. loss of earning capacity which, in reasonable probability, he will suffer in the future;

   h. treble damages;

   i. attorney fees; and

   j. exemplary damages.

## IX. JURY DEMAND

39. Plaintiff requests a trial by jury.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment against Defendants in an amount to make him whole for all damages suffered by him as a result of Defendants' violations of the law herein, including, but not limited to, damages for back pay and benefits, front pay, compensatory damages, damages for mental anguish, liquidated damages in an amount equal to actual damages, punitive damages as a result of the Defendants' conduct that was malicious or undertaken with reckless disregard for his civil rights; and all other damages recoverable plus pre-judgment and other interest;

B. Enjoin Defendants from further violating the federal laws herein;

C. Order the Defendants, its officers, successors and assigns and all persons in active concert or participation with them to institute and carry out policies, practices and procedures which provide equal employment opportunities for individuals with disabilities and which eradicate the effects of its past and present unlawful discriminatory employment practices;

D. Order Defendants to reinstate Plaintiff to the position he held when Defendant unlawfully discharged him with all seniority and benefits he would have otherwise accrued had not Defendants violated his rights under Title VII;

E. Order corporate Defendant to implement policies and procedures to ensure that its employees involved in making employment decisions undergo training on the requirements of Title VII;

F. Award Plaintiff expert witness fees, attorneys' fees and the cost of bringing this action; and,

G. Grant all other relief that he is entitled to under law and equity.

                                                             Respectfully submitted,

/s/LaShawn A. Williams
LASHAWN A. WILLIAMS
TBN 00795721
BALDWIN & WILLIAMS, PLLC
2411 Emancipation, Suite 202
Houston, Texas 77004
713.664.6800 [o]
281.404.9021 [f]
lwilliams@baldwinwilliams.com

Case 4:18-cv-00101   Document 1   Filed in TXSD on 01/12/18   Page 10 of 10